UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLETTE ANN MARQUIS-KILIANY,

    Appellant,

v.                                       Case No: 8:18-cv-2486-T-36

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

    Appellee.
_____/

## **O R D E R**

This matter comes before the Court upon *pro se*[1] Appellant Colette Ann Marquis-Kiliany's ("Appellant") Motion for Extension of Time to File Appellant's Brief Due to Misfiling of Previous Timely Submitted Appellant's Brief Behind Notice of Appeal (Doc. 12) ("Motion for Extension of Time") and document titled, "Opening Appellant Petition of Debtor, Colette Marquis-Kiliany on Appeal from Bankruptcy Court September 20th Denial of Debtors Motion to Extend Automatic Stay Pursuant to 11 U.S.C. Section 362(C)(3)(B)" (Doc. 13) ("Miscellaneous Motion"). Appellee Deutsche Bank National Trust Company ("Appellee") has not filed a response to either of Appellant's motions. For the reasons that follow, the Court will grant the Motion for Extension of Time (Doc. 12) and deny the Miscellaneous Motion (Doc. 13).

This is a bankruptcy appeal of an order denying a motion to extend an automatic stay, which was entered in the Bankruptcy Court on September 27, 2018. *See* Doc. 6-4 at p. 4. Appellant

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer."

filed a Notice of Appeal on October 4, 2018. *Id.* at p. 5. This Court received the transmittal of Notice of Appeal on October 9, 2018. Doc. 1. Attached to the transmittal is a document, signed by Appellant, titled "Opening Appellant Petition of Debtor, Colette Marquis-Kiliany on Appeal from Bankruptcy Court September 20th Denial of Debtors Motion to Extend Automatic Stay Pursuant to 11 U.S.C. Section 362(C)(3)(B)." Doc. 1. The eleven-page document states that the Bankruptcy Court Judge erred by determining that Appellant was acting in bad faith by declaring a second bankruptcy in one year and erred by not granting her motion to stay, which would have stayed the sale of her homestead. *Id.*

On November 6, 2018, the Court received the Bankruptcy Record on appeal. Doc. 6; Doc. 7. On February 6, 2019, Appellant filed the instant Motion for Extension of Time. Doc. 12. According to that Motion, Appellant's brief was misfiled along with her Notice of Appeal. Doc. 12. Also, on February 6, 2019, Appellant filed her Miscellaneous Motion, which appears to be the same document filed with her Notice of Appeal. Doc. 13. Both documents apparently represent Appellant's brief on the merits.

Under the Federal Rules of Bankruptcy Procedure, an appellant must serve and file her brief within thirty days after the docketing of notice that the record has been transmitted or is available electronically, unless the Court excuses the filing of briefs or specifies different time limits. Fed. R. Bankr. P. 8018(a)(1). In this case, therefore, Appellant's brief was due by December 6, 2018—thirty days after the Court received the Bankruptcy Record on appeal on November 6, 2018.

Although pleadings from *pro se* litigants are construed liberally, they are nevertheless required to conform to procedural rules. *In re Brewer*, 442 Fed. Appx. 430, 435 (11th Cir. 2011). Generally, "when an act is required or allowed to be done at or within a specified period by [the

Federal Rules of Bankruptcy Procedure] . . . the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b). Based on Appellant's *pro se* status and her representation that her brief on the merits was misfiled, the Court will allow Appellant an extension of time to submit her brief. However, the brief must comply with the Federal Rules of Bankruptcy Procedure. The "brief" that Appellant apparently intended to timely file—the document attached to the Notice of Appeal and also filed as Appellant's Miscellaneous Motion—does not comply with the Bankruptcy Rules.[2] In particular, Appellant's brief

> must contain the following under appropriate headings and in the order indicated: (1) a corporate disclosure statement, if required by Rule 8012; (2) a table of contents, with page references; (3) a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited; (4) a jurisdictional statement, including: (A) the basis for the bankruptcy court's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction; (B) the basis for the district court's or BAP's jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction; (C) the filing dates establishing the timeliness of the appeal; and (D) an assertion that the appeal is from a final judgment, order, or decree, or information establishing the district court's or BAP's jurisdiction on another basis; (5) a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review; (6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record; (7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings; (8) the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; (9) a short conclusion stating the precise relief sought; and (10) the certificate of compliance, if required by Rule 8015(a)(7) or (b).

---

[2] Because it does not comply with the Bankruptcy Rules for filing briefs, the Court will deny Appellant's Miscellaneous Motion (Doc. 13). As described in this Order, Appellant may refile her brief in compliance with the Bankruptcy Rules.

Fed. R. Bankr. P. 8014(a). The Federal Rules of Bankruptcy Procedure also promulgate the requirements for formatting of documents, requirements for filing a reply brief, and procedure upon oral argument, among other things. Appellant is advised that any future filings in this case must comport with the Federal Rules of Bankruptcy Procedure and other applicable procedural rules.

**Accordingly, it is ORDERED**:

1. Appellant's Motion for Extension of Time (Doc. 12) is **GRANTED**. Appellant may file her brief, in compliance with the Federal Rules of Bankruptcy Procedure, within **FOURTEEN (14) DAYS** of the date of this order.

2. Appellant's Miscellaneous Motion (Doc. 13) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on May 2, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties